36 N.J. Super. 43 (1955)
114 A.2d 723
MICHAEL PRESUTTI, PLAINTIFF-RESPONDENT,
v.
BRIDIE MARY McCORMACK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 31, 1955.
Decided June 3, 1955.
Before Judges GOLDMANN, FREUND and CONFORD.
*44 Mr. Walter W. Gehringer argued the cause for the defendant-appellant (Messrs. Winne & Banta, attorneys).
Mr. Edward J. Madden argued the cause for the plaintiff-respondent (Mr. Samuel M. Cole, attorney).
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiff recovered a jury verdict of $5,000 against the defendant for personal injuries.
On appeal, the question of the defendant's liability is not raised, the appellant arguing only two points: (1) that the verdict was shockingly excessive and not supported by the weight of the evidence, and (2) that the amount indicates the jury was swayed by mistake, passion, prejudice or partiality.
The plaintiff, 27 years of age at the time of the accident, was employed as a laborer by the Hackensack Water Company. In order to tap a water main he was working in a trench which had been dug about half-way across Franklin Avenue in Carlstadt, New Jersey. The steam shovel which had dug the trench was parked nearby. The defendant endeavored to drive her car through the street, and while she was attempting to avoid both the trench and the steam shovel, the right front wheel of her car slipped into the end of the trench, striking the plaintiff on the forehead.
The plaintiff charges that by reason of the accident he suffers recurring headaches and is nervous. The work records produced by a representative of the employer show that he lost only seven hours from work immediately following the accident. However, he claims that subsequently he lost a total of approximately ten days' work because of his injuries, but he admits he lost no wages.
Four doctors testified: two for the plaintiff and two for the defendant. The medical testimony may be summarized by saying that all agreed the plaintiff had suffered a contusion of the forehead, with probably a moderate concussion, that the headaches of which he complains might be the result of his *45 injuries. Their prognosis was favorable that the headaches would subside.
It is settled law that "if the verdict be so far contrary to the weight of the evidence as to give rise to the inescapable conclusion of mistake, passion, prejudice, or partiality, it cannot serve to support the judgment * * *." Hager v. Weber, 7 N.J. 201 (1951); Capone v. Norton, 8 N.J. 54 (1951); Kress v. City of Newark, 8 N.J. 562 (1952); R.R. 1:5-3(a), formerly Rule 1:2-20.
In the instant case, the proofs disclose no hospitalization, permanent disability, medical expenses, loss of wages or loss of efficiency, which would warrant the verdict rendered. The overwhelming proof of the defendant's negligence must have aroused such indignation in the minds of the jury that, desiring to render a punitive verdict, they awarded an amount which is so patently excessive as to be the result of mistake, passion or prejudice.
The appellant argues that in summation counsel for the plaintiff indicated to the jury that the defendant was protected by insurance. An examination of the remarks claimed to be prejudicial does not support the contention; they are much the same as those referred to in Lukasiewicz v. Haddad, 24 N.J. Super. 399, 405 (App. Div. 1953), where it was held that such remarks did not constitute prejudicial error.
In the circumstances of this case, we consider that the judgment should be reduced to the sum of $3,000, without costs to the appellant.